UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**　　　　　**CASE NO. 6:19-CR-00160-01**

**VERSUS**　　　　　**JUDGE JUNEAU**

**SPENCER COLBERT (01)**　　　　　**MAGISTRATE JUDGE WHITEHURST**

# ORDER

Pending before the Court is Defendant SPENCER COLBERT's pro se Motion for Recognizance or Bail [Rec. Doc. 146]. For the following reasons, the motion is DENIED:

On May 15, 2019, an Indictment was filed in this district charging Defendant Spencer Colbert ("Colbert") with Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §846, and Distribution of a Controlled Substance, in violation of 21 U.S.C. §841(a)(1). At his initial appearance and arraignment on May 31, 2015, Colbert waived his right to a detention hearing based on the fact that he is in State Custody. An Order of Detention was issued detaining Colbert on the federal charges pending trial.

On November 18, 2019, Colbert pled guilty to Count One of the Indictment charging Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances. Following the Change of Plea Hearing, Colbert was remanded to the custody of the U.S. Marshal Service pending sentencing on February 21, 2020.

Although represented by counsel in this matter, on January 23, 2020, Colbert filed the present motion *pro se*, seeking to be released pending sentencing.

The Bail Reform Act provides the factors to be considered in determining whether a defendant should be released or detained pending sentencing. Specifically, 18 U.S.C. §3143(a)(2) provides that the judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B)the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Colbert has pled guilty to an offense described in 18 U.S.C. §3142(f)(1)(C) – a Controlled Substance Offense for which a maximum term or imprisonment of ten years or more is prescribed. Because Colbert pled guilty, there is no substantial likelihood that a motion of acquittal or new trial will be granted. Additionally, there is no evidence that the government has recommended that no sentence of imprisonment be imposed. Although not raised by Colbert in his motion, the Court further finds that Colbert has not clearly shown that there are "exceptional reasons"

why his detention would not be appropriate as required under 18 U.S.C. §3145(c). Accordingly, Colbert's continued detention pending sentencing is mandatory under the Bail Reform Act.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 4th day of February, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE